**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | |
|---|---|
| WALTER WELCH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC, <br><br> Defendants. | Case No.  2:19-cv-01260-TAD-KK |
| KELLY BATES, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC, <br><br> Defendants. | Case No.  2:19-cv-01427-TAD-KK |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
TUPAC DE LA CRUZ FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 3

ARGUMENT................................................................................................................................ 4

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 4

II.     DE LA CRUZ SHOULD BE APPOINTED LEAD PLAINTIFF ..................................... 5

        A.      De la Cruz is Willing to Serve as Class Representative ......................................... 6

        B.      De la Cruz Has the "Largest Financial Interest" in the Action.............................. 6

        C.      De la Cruz Otherwise Satisfies the Requirements of Rule 23 ............................... 7

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 9

CONCLUSION............................................................................................................................ 11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Berger v. Compaq Computer Corp.*,
  257 F.3d 475 (5th Cir. 2001) ...............................................................................9

*Firefighters Pension & Relief Fund v. Bulmahn*, Nos. 13-3935 *et al.*,
  2014 U.S. Dist. LEXIS 136175 (E.D. La. Sept. 26, 2014) .......................................5

*In re BP, PLC Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010) .................................................................4, 7

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)..................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ..........................................7

*In re Enron Corp. Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002).........................................................................7, 8

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................8

*In re Reliance Acceptance Group, Inc.*, Nos. SA-98-CA-0044,
  1998 U.S. Dist. LEXIS 24009 (W.D. Tex. June 29, 1998).....................................10

*James v. City of Dallas, Tex.*,
  254 F.3d 551 (5th Cir. 2001) ...............................................................................8

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)........................................6, 7

*Mullen v. Treasure Chest Casino, LLC*,
  186 F.3d 620 (5th Cir. 1999) ...............................................................................9

*Tran v. XBiotech Inc.*, No. A-15-CA-01083-SS,
  2016 U.S. Dist. LEXIS 22279 (W.D. Tex. Feb. 23, 2016)...................................8, 10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) .....................................................................2, 5, 6, 7, 9, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................6

Private Securities Litigation Reform Act of 1995 ...........................................................2

Securities Act .....................................................................................................................8

Securities Act of 1933 Sections 11 and 15 (15 U.S.C. §§ 77k, 77o) ..............................1

## **Rules**

Fed. R. Civ. P. 23 ..................................................................................2, 5, 6, 7, 8, 9

Fed. R. Civ. P. 42 ...........................................................................................1, 2, 4

Tupac de la Cruz ("de la Cruz") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Fed. R. Civ. P. 42(a), for an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing de la Cruz as Lead Plaintiff on behalf of all persons and entities who: (a) purchased, acquired, and/or otherwise held the securities of Waitr Holdings, Inc. ("Waitr" or the "Company") between May 17, 2018 and August 8, 2019, both dates inclusive (the "Class Period"), and/or (b) purchased or acquired Waitr securities pursuant and/or traceable to the Company's May 2019 secondary offering (the "Secondary Offering"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and O'Bell Law Firm, LLC ("O'Bell Law") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint (Dkt. No. 1) ("Complaint") in the above-captioned action (the "Action") alleges that Waitr, certain of the Company's officers and directors, and the underwriters of the Company's Secondary Offering (collectively, "Defendants") defrauded investors who purchased or otherwise acquired Waitr securities pursuant and/or traceable to the Secondary Offering and/or during the Class Period in violation of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§ 77k, 77o), Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) by misrepresenting Waitr's business and operations. Waitr investors, including de la Cruz, incurred significant losses when the truth about the Company's business and operations came to light, causing a precipitous drop in the value of Waitr's securities and damaging investors.

1

Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact. Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by the same Defendants occurring during the same Class Period arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). De la Cruz, having incurred losses of approximately $856,073 in connection with his Class Period purchases of Waitr securities, believes that he has the largest financial interest in the relief sought in this action. *See* Declaration of Eric J. O'Bell in Support of Motion ("O'Bell Decl."), Ex. A.

Beyond his significant financial interest, de la Cruz also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. In addition to his Certification, (*see* O'Bell Decl., Ex. B), de la Cruz has also submitted a Declaration affirming, *inter alia*, that he has discussed the filing of this motion with counsel and understands its significance, and that he understands the responsibilities of a lead plaintiff appointed pursuant to the PSLRA and stands ready to fulfill those responsibilities. O'Bell Decl., Ex. C.

In order to fulfill his responsibilities as lead plaintiff and vigorously prosecute this action on behalf of the Class, de la Cruz has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United

States.  Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France. De la Cruz has also selected the highly respected O'Bell Law Firm, L.L.C., ("O'Bell Law") which has significant experience in complex and securities matters, to serve as Liaison Counsel for the Class.

Accordingly, based on his significant financial interest and commitment to overseeing this litigation, de la Cruz respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selections of Lead Counsel and Liaison Counsel.

## STATEMENT OF FACTS

Waitr, an online food ordering and delivery services company was formed through a going public transaction by Waitr Inc. and Landcadia Holdings, Inc. on November 15, 2018, after which time its shares began publicly trading on the Nasdaq under the symbol "WTRH."

On May 16, 2019, Waitr conducted its Secondary Offering, issuing nearly 7 million additional shares of common stock.

Throughout the Class Period and in the offering documents associated with the Secondary Offering, Defendant Christopher Meaux ("Meaux"), Waitr's Chief Executive Officer, represented that Waitr could afford to maintain its 15% take rate, which made its service affordable to its core base of small restaurants in secondary markets and which also significantly under-cut competitors' pricing, because Waitr simply had a better business model.  According to Meaux, Waitr employed an army of tens of thousands of drivers who were full-time employees and, therefore, provided the Company with fixed-cost labor which Waitr optimized to achieve greater efficiencies and lower prices.  This was purported to provide Waitr the ability to maintain low, affordable, and stable pricing.

In fact, as investors ultimately learned, Waitr could not derive any material efficiencies from its labor model; this model was instead reducing gross margins and increasing costs.  In part,

3

this was true because Waitr lacked the sophisticated forecasting resources needed to deploy its fixed cost labor, especially once the Company rapidly expanded, again constrained by its lack of high-level programming and development resources.

On August 8, 2019, after market close, the Company revealed abysmal financial and operational results for the second quarter of 2019, including the resignation of Defendant Meaux; that its integration of BiteSquad.com, LLC, acquired in January 2019, was not proceeding according to plan; that the Company was laying off personnel; and that losses were running far ahead of plan and at a rate that eclipsed historical growth trends.

Following this news, Waitr's stock price fell $1.87 per share, or 49.73%, to close at $1.89 per share on August 9, 2019, damaging de la Cruz and other Waitr investors.

<b>ARGUMENT</b>

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).   *See also* Manual for Complex Litigation (Third), § 20.123 (1995). Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 439 (S.D. Tex. 2010) ("[C]onsolidation is appropriate because there is substantial overlap between the factual and legal claims of the various plaintiffs, and it would be highly inefficient to conduct the cases separately.").

4

The Related Actions at issue here clearly involve common questions of law **and** fact. Each action was brought against Waitr, certain of its officers, and the underwriters of the Secondary Offering, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing—namely that the Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Waitr' securities and subsequently damaged the Class Members when Waitr' stock price plunged as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Firefighters Pension & Relief Fund v. Bulmahn*, Nos. 13-3935 *et al.*, 2014 U.S. Dist. LEXIS 136175, at \*12 (E.D. La. Sept. 26, 2014) (finding "consolidation [of related securities class actions] more conducive to judicial economy than separation").

## II.   DE LA CRUZ SHOULD BE APPOINTED LEAD PLAINTIFF

De la Cruz should be appointed Lead Plaintiff because, to his knowledge, de la Cruz has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, de la Cruz satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    De la Cruz is Willing to Serve as Class Representative

On September 27, 2019, counsel for Walter Welch, plaintiff in the first of the Related Actions to be filed, caused a notice to be published over *PR Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that the action had been filed against Defendants and advised investors in Waitr securities that they had 60 days—*i.e.*, until November 26, 2019— to file a motion to be appointed as lead plaintiff (the "Notice"). *See* O'Bell Decl., Ex. D. De la Cruz has filed the instant motion pursuant to the Notice and has attached a Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. B. Accordingly, de la Cruz satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    De la Cruz Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, de la Cruz has the largest financial interest of any Waitr investor seeking to serve as Lead Plaintiff. Courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class

6

period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted by courts in the Fifth Circuit.  *See, e.g., In re BP*, 758 F. Supp. 2d at 433; *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002).

During the Class Period, de la Cruz: (1) purchased 140,000 shares of Waitr stock; (2) expended $1,038,606 on purchases of Waitr stock; (3) retained all of his shares of Waitr stock; and (4) incurred losses of $856,073 in connection with his transactions in Waitr stock during the Class Period.  *See* O'Bell Decl., Ex. A.  To the extent that de la Cruz possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    De la Cruz Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  A *prima facie*

---

[1] *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

showing that the movant satisfies Rule 23's requirements is sufficient. *Tran v. XBiotech Inc.*, No. A-15-CA-01083-SS, 2016 U.S. Dist. LEXIS 22279, at \*5 (W.D. Tex. Feb. 23, 2016).  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck*, 976 F. Supp. at 546); *see also Enron*, 206 F.R.D. at 441.

The typicality requirement of Rule 23 is satisfied where the named representative's claims "have the same essential characteristics of those of the putative class." *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001).  "'Typicality does not require a complete identity of claims.  Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class.  If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *Id.* at 571 (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

De la Cruz's claims are typical of those of the Class.  De la Cruz alleges, as do all Class members, that Defendants violated the Securities Act and Exchange Act by making false or misleading statements of material facts and/or omitting to disclose material facts concerning Waitr in the Secondary Offering's Registration Statement and during the Class Period.  De la Cruz, as did all members of the Class, purchased Waitr securiites during the Class Period or pursuant and/or traceable to the Secondary Offering at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Waitr's stock price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) "mandates an inquiry into the zeal and competence of the representatives' counsel and the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999) (indicating that "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests."). Here, de la Cruz's significant losses in connection with the fraud alleged ensure that he will remain highly motivated to prosecute securities fraud claims against the Defendants to secure recovery on behalf of the Class. Finally, as discussed in greater detail *infra* at Section III, in Pomerantz and O'Bell Law, de la Cruz has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choices to the Court for approval as Lead Counsel and Liaison Counsel, respectively, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). De la Cruz has also submitted a signed Certification declaring its commitment to protect the interests of the Class (O'Bell Decl., Ex. B) as well as a Declaration attesting, *inter alia*, to de la Cruz's background; his discussions with counsel prior to filing his motion; his understanding of the responsibilities of a lead plaintiff; and his willingness to undertake those responsibilities. *See* O'Bell Decl., Ex. C ¶¶ 2-7. Further, there is no evidence of antagonism or conflict between de la Cruz's interests and the interests of the Class. The significant losses incurred by de la Cruz demonstrate that he has a sufficient interest in the outcome of this litigation.

## III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead

plaintiff's choice only if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also Tran*, 2016 U.S. Dist. LEXIS 22279, at *7 (approving selection of lead counsel, being "satisfied that [movant's selected counsel is sufficiently qualified to represent the class"); *In re Reliance Acceptance Group, Inc.*, Nos. SA-98-CA-0044, 1998 U.S. Dist. LEXIS 24009, at *30 (W.D. Tex. June 29, 1998) (same)

Here, de la Cruz has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* O'Bell Decl., Ex. E.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France.  For more than 75 years, Pomerantz has represented defrauded investors.  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  Courts in the Fifth Circuit and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Edwards v. McDermott International, Inc.*, No. 18-cv-4339 (S.D. Tex.), *Prause v. TechnipFMC plc*, No. 17-cv-2368 (S.D. Tex.), *Chun v. Fluor Corp.*, No. 18-cv-1338 (N.D. Tex.), *Kessman v. Myriad Genetics, Inc.*, No. 18-cv-336 (D. Utah), and *Ferris v. Wynn Resorts Ltd.*, No. 18-cv-479 (D. Nev.).

O'Bell Law is likewise well-qualified to serve as Liaison Counsel.  As its firm resume reflects, O'Bell Law maintains an office in Metairie, Louisiana, and the firm specializes in securities matters, among other practice areas.  *See* O'Bell Decl., Ex. F.  O'Bell Law has

experience in achieving substantial recoveries for plaintiffs, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant action, de la Cruz's counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of counsel by de la Cruz, with Pomerantz as Lead Counsel and O'Bell Law as Liaison Counsel, the class members will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, de la Cruz respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing de la Cruz as Lead Plaintiff for the Class; and (3) approving de la Cruz's selections of Pomerantz as Lead Counsel and O'Bell Law as Liaison Counsel for the Class.

Dated:  November 26, 2019                     Respectfully submitted,

O'BELL LAW FIRM, LLC

/s/ Eric J. O'Bell
Eric J. O'Bell (La. Bar. #26693)
3500 North Hullen Street
Metairie, LA 70002
Telephone: (504) 456-8677
Facsimile:  (504) 456-8653
Email: ejo@obelllawfirm.com

*Counsel for Lead Plaintiff Movant Tupac de la Cruz and Proposed Liaison Counsel for the Class*

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice application forthcoming*)
J. Alexander Hood II
(*pro hac vice application forthcoming*)
600 Third Avenue, 20th Floor

11

New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice application forthcoming*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Tupac de la Cruz*
*and Proposed Lead Counsel for the Class*

12

**CERTIFICATE OF SERVICE**

This is to certify that on November 26, 2019, I have filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

*/s/ Eric J. O'Bell*
Eric J. O'Bell