# EXHIBIT A

| | |
|---|---|
| WALTER WELCH, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC,<br><br>Defendants. | Civil Action No. 2:19−CV−01260<br><br>JUDGE TERRY A. DOUGHTY<br><br>MAGISTRATE JUDGE KATHLEEN KAY<br><br>CLASS ACTION |
| KELLY BATES, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC,<br><br>Defendants. | Civil Action No. 2:19−CV−01427<br><br>JUDGE TERRY A. DOUGHTY<br><br>MAGISTRATE JUDGE KATHLEEN KAY<br><br>CLASS ACTION |

**JOINT DECLARATION IN SUPPORT OF WALTER WELCH, SEAN BARNARD, AND THE DELIVERY INVESTOR GROUP'S MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT THE DELIVERY INVESTOR GROUP AS LEAD PLAINTIFF, AND APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

1.      This Joint Declaration is made jointly by Andrew Brown, William Moore, Daniel Sinor, and Thomas Colangelo, who together comprise the Delivery Investor Group (the "DIG"), in support of its Motion to Consolidate Related Actions, Appoint Lead Plaintiff, and Approve Lead Plaintiff's Choice of Counsel ("Lead Plaintiff Motion"). The undersigned have personal knowledge of the facts set forth herein and, if called as witnesses, could and would testify competently thereto.

### Relevant Background of the DIG

2.      Each of the undersigned individuals are experienced entrepreneurs and business professionals who have known one another personally and professionally since at least 2007 and thus well before Defendants' alleged conduct and the commencement of this litigation.[1]  More specifically, and as outlined below, the undersigned were the founders, owners, and/or operators of several food delivery companies – namely, 2 Dollar Delivery, LLC, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Two Guys Delivery, LLC, Jax Food Delivery, LLC, Doorstep Delivery.Net, Inc., T and D Global Delivery, LLC, and Tampa Eatz, LLC (collectively, the "Delivery Entities"). Accordingly, the DIG is composed of individuals who have known each other, invested together, and operated food delivery businesses together for almost a decade

---

[1]      The "Defendants" are Christopher Meaux, David Pringle, Jeff Yurecko, Tilman J. Fertitta, Richard Handler, Waitr Holdings Inc. f/k/a Landcadia Holdings, Inc., Jefferies Financial Group Inc., and Jefferies LLC.

3. On or about October 31, 2016, the assets and operations of the Delivery Entities were acquired by BiteSquad.com, LLC ("Bite Squad"). In connection with that acquisition, the Delivery Entities (and the individuals, personally) received Bite Squad stock.

4. Thereafter, on or about December 12, 2018, Waitr Holdings Inc. ("Waitr") announced that it would be acquiring Bite Squad and, on January 17, 2019, Waitr completed its acquisition of Bite Squad. As a result of the January 17, 2019 acquisition of Bite Squad by Waitr, Bite Squad shareholders – and, thus, the Delivery Entities and the individuals – received shares of Waitr common stock.

5. In connection with the January 17, 2019 acquisition of Bite Squad by Waitr, the undersigned were **not** involved in negotiating the transaction and were **not** provided with any non-public information related to the business of Waitr or the acquisition of Bite Squad by Waitr. Indeed, the undersigned learned of the Bite Squad acquisition by Waitr through the press release issued by Waitr on December 12, 2018 announcing the pending acquisition and were directed to the public filings made by Waitr with the U.S. Securities and Exchange Commission ("SEC") for information regarding that acquisition. In short, we received no information about the business of Waitr other than what was reflected in the referenced SEC filings, and any and all information relating to Waitr and relied upon by us in making our investment decisions was provided in filings made by Waitr with the SEC. These SEC filings included the December 12, 2018 8-K, which attached the press release announcing the acquisition and the Agreement and Plan of Merger and a presentation regarding the acquisition. Finally, we made our investment decisions based on what we believed to be the truthfulness of Waitr's representations in its SEC filings and the integrity of the price of Waitr stock as traded on the NASDAQ market system as reflecting all available material information regarding the status of Waitr's business.

6. Thereafter, in mid-August 2019, in the normal course of business, the Delivery Entities each transferred and assigned the Waitr common stock held by each such Delivery Entity and due to each of the undersigned individuals on account of that individual's respective membership and/or stock interest in each such Delivery Entity to that individual, as outlined below in ¶¶7-10.

7. In addition, recently, in connection with this litigation, each of the Delivery Entities executed an assignment that assigns, transfers, and sets over to each of the respective individuals any and all rights, title, ownership, and/or interests each such Delivery Entity has or may have in and/or to the securities of Waitr, specifically including, but not limited to, any and all rights, title, ownership, and/or interests in any and all claims, demands, and causes of action of any kind whatsoever that the Delivery Entity has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase and/or acquisition of the securities of Waitr, on account of that individual's respective membership and/or stock interest in each such Delivery Entity.

**Relevant Interests of the Individuals**

8. I, Andrew Brown, state as to myself and only as to myself:

   a. I, Andrew Brown, was at all relevant times a manager and/or member of Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, and Jax Food Delivery, LLC; and a shareholder, director, and officer of Doorstep Delivery.Net, Inc.

   b. As a result of my membership and/or stock interests in these entities, I, Andrew Brown, am, in part, the successor-in-interest to, and the transferee and assignee of, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Jax Food Delivery, LLC, and Doorstep Delivery.Net, Inc. More

4

specifically, and as outlined in the chart below, in mid-August 2019, in the normal course of business, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Jax Food Delivery, LLC, and Doorstep Delivery.Net, Inc. each transferred and assigned certain Waitr common stock held by each such entity and due to me, Andrew Brown, on account of my membership and/or stock interest in each such entity.

c. In addition, in connection with this litigation, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Jax Food Delivery, LLC, and Doorstep Delivery.Net, Inc. each executed an assignment that assigns, transfers, and sets over to me, Andrew Brown, any and all rights, title, ownership, and/or interests the entity has or may have in and/or to the securities of Waitr specifically including, but not limited to, any and all rights, title, ownership, and/or interests in any and all claims, demands, and causes of action of any kind whatsoever that each such entity has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase and/or acquisition of the securities of Waitr, on account of my membership and/or stock interest in each such entity.

d. Finally, I, Andrew Brown, also personally acquired Waitr stock, as again outlined in the below chart.

e. My transactions in Waitr common stock during the Class Period specified in the complaint in this matter as a result of the above-outlined interests are outlined in the below chart:

| Date of Acquisition | Units | Price/Unit[2] | Note |
|---|---|---|---|
| 1/17/19 | 4,188 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Brickell Delivery, LLC |
| 1/17/19 | 2,927 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Charlotte Delivery, LLC |
| 1/17/19 | 4,501 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Denver Delivery, LLC |
| 1/17/19 | 5,197 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, FTL Delivery, LLC |
| 1/17/19 | 27,989 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Jax Food Delivery, LLC |
| 1/17/19 | 132,402 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Doorstep Delivery.Net Inc. |
| 1/17/19 | 162,458 | $11.95 | Personally |
| | | | |
| **TOTAL UNITS** | **339,662** | | |

| Date of Sale | Units | Price/Unit | Note |
|---|---|---|---|
| 7/25/19 | 10,000 | $5.06 | Personally |
| 7/29/19 | 15,000 | $4.93 | Personally |
| 7/30/19 | 20,000 | $4.92 | Personally |
| 8/1/19 | 20,000 | $4.54 | Personally |
| 8/5/19 | 97,458 | $3.77 | Personally |
| | | | |
| **TOTAL UNITS** | **162,458** | | |

---

[2]     Based on the closing price of Waitr Holdings Inc. common stock on January 17, 2019, the closing date of the acquisition of Bite Squad by Waitr.

| Date of Acquisition | Units | Price/Unit | Price | Note |
|---|---|---|---|---|
| 8/8/19 | 100 | 0.2000 | $2,000.00 | WTRH 20SEP19 5.0 Call; expired 9.20.19 |
| 8/8/19 | 99 | 0.2000 | $1,980.00 | WTRH 20SEP19 2.5 Put |
| 8/8/19 | 1 | 0.1900 | $19.00 | WTRH 20SEP19 2.5 Put |
| | | | | |
| TOTAL UNITS | 200 | | | |

9. I, William Moore, state as to myself and only as to myself

   a. I, William Moore, was at all relevant times a manager and/or member of Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, and Jax Food Delivery, LLC; and a shareholder, director, and officer of Doorstep Delivery.Net, Inc.

   b. As a result of my membership and/or stock interests in these entities, I, William Moore, am, in part, the successor-in-interest to, and the transferee and assignee of, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Jax Food Delivery, LLC, and Doorstep Delivery.Net, Inc. More specifically, and as outlined in the chart below, in mid-August 2019, in the normal course of business, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Jax Food Delivery, LLC, and Doorstep Delivery.Net, Inc. each transferred and assigned certain Waitr Holdings Inc. common stock held by each such entity and due to me, Andrew Brown, on account of my membership and/or stock interest in each such entity.

   c. In addition, in connection with this litigation, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Jax Food Delivery, LLC, and Doorstep Delivery.Net, Inc. each executed an assignment that assigns, transfers,

and sets over to me, William Moore, any and all rights, title, ownership, and/or interests the entity has or may have in and/or to the securities of Waitr Holdings Inc., specifically including, but not limited to, any and all rights, title, ownership, and/or interests in any and all claims, demands, and causes of action of any kind whatsoever that each such entity has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase and/or acquisition of the securities of Waitr, on account of my membership and/or stock interest in each such entity.

d. Finally, I, William Moore, also personally acquired Waitr stock, as again outlined in the below chart.

e. My transactions in Waitr common stock during the Class Period specified in the complaint in this matter as a result of the above-outlined interests are outlined in the below chart:

| Date of Acquisition | Units | Price/Unit[3] | Note |
|---|---|---|---|
| 1/17/19 | 4,188 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Brickell Delivery, LLC |
| 1/17/19 | 2,927 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Charlotte Delivery, LLC |
| 1/17/19 | 4,501 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Denver Delivery, LLC |
| 1/17/19 | 5,198 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, FTL Delivery, LLC |
| 1/17/19 | 27,989 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Jax Food |

---

[3] Based on the closing price of Waitr Holdings Inc. common stock on January 17, 2019, the closing date of the acquisition of Bite Squad by Waitr.

| | | | Delivery, LLC |
|---|---|---|---|
| 1/17/19 | 132,402 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Doorstep Delivery.Net Inc. |
| 1/17/19 | 162,458 | $11.95 | Personally (transferred on 8/7/19 to my trust, of which I am the trustee) |
| | | | |
| **TOTAL UNITS** | **339,663** | | |

| Date of Other Acquisition | Units | Price/Unit | Note |
|---|---|---|---|
| 1/30/19 | 1,000 | $12.05 | Personally, through my trust, of which I am the trustee |
| 1/30/19 | 500 | $12.10 | Personally, through my ROTH IRA |
| 5/9/19 | 200 | $9.068 | Personally, through my trust, of which I am the trustee |
| 6/25/19 | 250 | $6.0366 | Personally, through my trust, of which I am the trustee |
| | | | |
| **TOTAL UNITS** | **1,950** | | |

| Date of Sale | Units | Price/Unit | Note |
|---|---|---|---|
| 8/8/19 | 162,458 | $3.6213 | Personally, through my trust, of which I am the trustee |

10. I, Daniel Sinor, state as to myself and only as to myself:

a. I, Daniel Sinor, was at all relevant times a manager and/or member of 2 Dollar Delivery, LLC, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Two Guys Delivery, LLC, Jax Food Delivery, LLC, T and D Global Delivery, LLC, and Tampa Eatz, LLC.

b. As a result of my membership interests in these entities, I, Daniel Sinor, am, in part, the successor-in-interest to, and the transferee and assignee of, 2 Dollar Delivery, LLC, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL

Delivery, LLC, Two Guys Delivery, LLC, Jax Food Delivery, LLC, T and D Global Delivery, LLC, and Tampa Eatz, LLC. More specifically, and as outlined in the chart below, in mid-August 2019, in the normal course of business, 2 Dollar Delivery, LLC, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Two Guys Delivery, LLC, Jax Food Delivery, LLC, T and D Global Delivery, LLC, and Tampa Eatz, LLC each transferred and assigned certain Waitr Holdings Inc. common stock held by each such entity and due to me, Daniel Sinor, on account of my membership in each such entity.

c. In addition, in connection with this litigation, 2 Dollar Delivery, LLC, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Two Guys Delivery, LLC, Jax Food Delivery, LLC, T and D Global Delivery, LLC, and Tampa Eatz, LLC each executed an assignment that assigns, transfers, and sets over to me, Daniel Sinor, any and all rights, title, ownership, and/or interests the entity has or may have in and/or to the securities of Waitr Holdings Inc., specifically including, but not limited to, any and all rights, title, ownership, and/or interests in any and all claims, demands, and causes of action of any kind whatsoever that each such entity has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase and/or acquisition of the securities of Waitr, on account of my membership and/or stock interest in each such entity.

d. Finally, I, Daniel Sinor, also personally acquired Waitr stock, as again outlined in the below chart.

10

e. My transactions in Waitr common stock during the Class Period specified in the complaint in this matter as a result of the above-outlined interests are outlined in the below chart:

| Date of Acquisition | Units | Price/Unit[4] | Note |
|---|---|---|---|
| 1/17/19 | 27,541 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, 2 Dollar Delivery, LLC |
| 1/17/19 | 4,187 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Brickell Delivery, LLC |
| 1/17/19 | 2,928 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Charlotte Delivery, LLC |
| 1/17/19 | 4,501 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Denver Delivery, LLC |
| 1/17/19 | 5,198 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, FTL Delivery, LLC |
| 1/17/19 | 66,201 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Two Guys Delivery, LLC |
| 1/17/19 | 27,989 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Jax Food Delivery, LLC |
| 1/17/19 | 66,201 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, T and D Global Delivery, LLC |
| 1/17/19 | 45,282 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Tampa Eatz, LLC |
| 1/17/19 | 164,986 | $11.95 | Personally |
| | | | |
| **TOTAL UNITS** | **415,014** | | |

11. I, Thomas Colangelo, state as to myself and only as to myself:

---

4 Based on the closing price of Waitr Holdings Inc. common stock on January 17, 2019, the closing date of the acquisition of Bite Squad by Waitr.

a. I, Thomas Colangelo, was at all relevant times a manager and/or member of 2 Dollar Delivery, LLC, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Two Guys Delivery, LLC, Jax Food Delivery, LLC, and T and D Global Delivery, LLC.

b. As a result of my membership interests in these entities, I, Thomas Colangelo, am, in part, the successor-in-interest to, and the transferee and assignee of, 2 Dollar Delivery, LLC, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Two Guys Delivery, LLC, Jax Food Delivery, LLC, and T and D Global Delivery, LLC. More specifically, and as outlined in the chart below, in mid-August 2019, in the normal course of business, 2 Dollar Delivery, LLC, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Two Guys Delivery, LLC, Jax Food Delivery, LLC, and T and D Global Delivery, LLC. each transferred and assigned certain Waitr Holdings Inc. common stock held by each such entity and due to me, Thomas Colangelo, on account of my membership in each such entity.

c. In addition, in connection with this litigation, 2 Dollar Delivery, LLC, Brickell Delivery, LLC, Charlotte Delivery, LLC, Denver Delivery, LLC, FTL Delivery, LLC, Two Guys Delivery, LLC, Jax Food Delivery, LLC, and T and D Global Delivery, LLC. each executed an assignment that assigns, transfers, and sets over to me, Thomas Colangelo, any and all rights, title, ownership, and/or interests the entity has or may have in and/or to the securities of Waitr Holdings Inc., specifically including, but not limited to, any and all rights, title, ownership, and/or interests in any and all claims, demands, and causes of action of any kind whatsoever that each such entity

12

has or may have arising from violations under the federal securities laws of the United States of America in connection with the purchase and/or acquisition of the securities of Waitr, on account of my membership and/or stock interest in each such entity.

d. Finally, I, Thomas Colangelo, also personally acquired Waitr stock, as again outlined in the below chart.

e. My transactions in Waitr common stock during the Class Period specified in the complaint in this matter as a result of the above-outlined interests are outlined in the below chart:

| Date of Acquisition | Units | Price/Unit[5] | Note |
|---|---|---|---|
| 1/17/19 | 27,541 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, 2 Dollar Delivery, LLC |
| 1/17/19 | 4,187 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Brickell Delivery, LLC |
| 1/17/19 | 2,928 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Charlotte Delivery, LLC |
| 1/17/19 | 4,500 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Denver Delivery, LLC |
| 1/17/19 | 5,198 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, FTL Delivery, LLC |
| 1/17/19 | 66,201 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Two Guys Delivery, LLC |
| 1/17/19 | 27,989 | $11.95 | As partial successor-in-interest to, and transferee and assignee of, Jax Food Delivery, LLC |
| 1/17/19 | 66,201 | $11.95 | As partial successor-in-interest to, and |

---

[5] Based on the closing price of Waitr Holdings Inc. common stock on January 17, 2019, the closing date of the acquisition of Bite Squad by Waitr.

| | | | transferee and assignee of, T and D Global Delivery, LLC |
|---|---|---|---|
| 1/17/19 | 164,983 | $11.95 | Personally |
| | | | |
| **TOTAL UNITS** | **369,728** | | |

**This Litigation and the DIG's Lead Plaintiff Motion**

12.     The undersigned are informed of and understand the requirements of serving as a lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We understand that, through the enactment of the PSLRA, Congress intended to encourage those with large financial interests to become involved in the leadership of securities class actions.  We also understand that the PSLRA permits "persons or groups of persons" with significant financial stakes in the outcome of securities fraud class actions to serve as lead plaintiffs. Finally, as evidenced by the Certifications we filed with our Lead Plaintiff Motion, we each acquired Waitr securities during the Class Period and suffered substantial losses in connection therewith.

13.     As such, and in light of our prior business relationship, we have collectively decided to work together as the DIG in this matter because we have each suffered substantial losses as a result of Defendants' alleged conduct and we believe that our collective efforts to prosecute this action will protect and benefit the Class.  We made an affirmative decision to jointly seek Lead Plaintiff status, understanding that we could have either sought Lead Plaintiff status individually or taken no action and remained absent class members; however, we believe that the Class will benefit from our collective financial and legal resources and experience.

14.     As a result of our prior business interactions, the undersigned frequently confer and have maintained communication channels between us. We understand that it is our responsibility to keep informed regarding the status and progress of the action, the strengths and weaknesses of

the case, and any prospects for resolution of this matter. As such, we have conferred with counsel and each other concerning the status of the case and our strategy going forward, we have established communications channels between us and with our counsel so that we can efficiently and timely communicate regarding he litigation.

15.     We will continue to communicate regularly with our counsel and with each other as often as necessary to discuss the progress of the litigation and our counsel's recommended litigation strategies and ensure the vigorous and efficient prosecution of this case. We understand that litigation of this nature has periods of greater and lesser activity, and we will remain available to our counsel and each other as needed to fulfill our role as Lead Plaintiffs. We are determined to work together to provide fair and adequate representation and obtain the largest recovery for the class, consistent with meritorious advocacy and sound judgment.

16.     We have collectively designated Daniel Sinor and Andrew Brown to act as the executive decision makers in connection with this litigation.

17.     We are aware that a Lead Plaintiff has a fiduciary duty to the entire Class, and we understand that, as Lead Plaintiff, DIG will be entrusted with the prosecution of this action on behalf of, not only its members, but the many other investors whose interests are at stake. As business owners, we are experienced fiduciaries and are aware of the fiduciary nature of the role of Lead Plaintiff, and we will do what is necessary to effectively monitor our counsel and direct this litigation, including attending hearings, depositions, and trial when necessary, and providing input into litigation decisions and strategies, including whether to settle the litigation and, if so, for what amount.

18. We also understand that we had the right to select counsel as part of the Lead Plaintiff process. Based on the firms' substantial experience and expertise in prosecuting securities fraud actions, we have selected Kahn Swick & Foti, LLC and Lundy, Lundy, Solileau & South, LLP to represent the class as lead and local counsel, respectively.

Pursuant to 28 U.S.C. § 1746, we, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 21 day of November, 2019,

Signed: _____
      Andrew Brown,
      at 149 JAMES PL , MAITLAND FL 32751

Signed: _____
      William Moor,
      at _____, _____.

Signed: _____
      Daniel Sinor ,
      at _____, _____.

Signed: _____
      Thomas Colangelo,
      at _____, _____.

Pursuant to 28 U.S.C. § 1746, we, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this ___ day of November, 2019,

Signed: _____
    Andrew Brown,
    at _____, _____.

Signed: _____
    William Moor,
    at  4:06 PM CST ,  11/20/19  .

Signed: _____
    Daniel Sinor ,
    at _____, _____.

Signed: _____
    Thomas Colangelo,
    at _____, _____.

Pursuant to 28 U.S.C. § 1746, we, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 20 day of November, 2019,

Signed: _____
      Andrew Brown,
      at _____, _____.

Signed: _____
      William Moor,
      at _____, _____.

Signed: _____
      Daniel Sinor ,
      at _Tampa_ ; _Florida_ .

Signed: _____
      Thomas Colangelo,
      at _Tampa_ , _Florida_ .