**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

|  |  |
|---|---|
| WALTER WELCH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC, <br><br> Defendants. | **CASE NO. 2:19-cv-01260** <br><br> **Judge Terry A. Doughty** <br><br> **Magistrate Judge Kathleen Kay** <br><br> **<u>ORAL ARGUMENT REQUESTED</u>** |
| KELLY BATES, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC, <br><br> Defendants. | **CASE NO. 2:19-cv-01427** <br><br> **Judge Terry A. Doughty** <br><br> **Magistrate Judge Kathleen Kay** |

**MEMORANDUM OF LAW IN SUPPORT OF CHAD SARVER & JAMES GILLARD'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

Movants Chad Sarver and James Gillard ("Sarver & Gillard" or "Movants"), on behalf of themselves and the Class (defined below), respectfully submit this memorandum of law in support of their motion: (1) consolidating the Related Actions (defined below); (2) appointing Sarver & Gillard as Lead Plaintiffs on behalf of all those who purchased, acquired, and/or otherwise held the securities of Waitr Holding, Inc. ("Waitr" or the "Company") from May 17, 2018 to August 8, 2019, inclusive (the "Class Period"), including, but not limited to, those who acquired Waitr shares in connection with Old-Waitr's (defined below) going public transaction and business combination on November 15, 2018, with Landcadia Holdings, Inc. ("Landcadia") (the "Going Public Transaction"), and those who acquired shares of Waitr pursuant to the Company's May 2019 secondary offering (the "Secondary Offering") (collectively, the "Class"); (3) approving Sarver & Gillard's selection of the law firm of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (4) granting such other and further relief as the Court may deem just and proper (the "Motion").

## **PRELIMINARY STATEMENT**

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides that a court must appoint as lead plaintiff of a securities class action the "'most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i).[1]  Sarver & Gillard are the most adequate plaintiffs here because they timely moved to be lead plaintiff, have the largest financial interest in the litigation (with approximately $86,423 in recoverable losses),[2] and satisfy

---

[1]     Citations to the lead plaintiff provisions of the Exchange Act (defined below), 15 U.S.C. §78u-4, *et seq.*, have parallel provisions in the Securities Act (defined below), 15 U.S.C. §77z-1, *et seq.*, and this Motion is made pursuant to both.

[2]     Movants' certifications identifying their Waitr transactions during the Class Period, as required by the PSLRA, as well as charts identifying their losses, are attached to the Declaration of Andrew A. Lemmon ("Lemmon Decl."), filed in support hereof, as Exs. B-C, respectively.

1

the representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

For the reasons summarized herein and discussed more fully below, Sarver & Gillard's Motion should be approved in its entirety.

## FACTUAL BACKGROUND

On September 26, 2019, Plaintiff Walter Welch filed a securities class action (the "*Welch* Action") on behalf of the Class. The *Welch* Action alleges that Defendants[3] violated §§11, 12, and 15 of the Securities Act of 1933, 15 U.S.C. §§77a, *et seq.* (the "Securities Act"), and/or §§10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a) (the "Exchange Act"), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. On November 4, 2019, a second putative class action was filed in this Court, captioned *Bates v. Meaux*, No. 2:19-cv-01427 (the "*Bates* Action" and collectively, with the *Welch* Action, the "Related Actions"), asserting the same claims against the same Defendants during the same Class Period as the *Welch* Action.

Defendant Waitr purports to be a leading online food ordering and delivery service connecting local restaurants to diners in underserved markets via its website and mobile application ("app") Waitrapp.com. ¶35.[4] Prior to being acquired by Landcadia, there was no public market for Old-Waitr common stock. *Id.* Immediately following the acquisition of Old-

---

[3]    "Defendants" collectively includes: Waitr (f/k/a Landcadia); Waitr executives and directors Christopher Meaux, David Pringle, Jeff Yurecko, Tilman Fertitta, and Richard Handler; and Jefferies Financial Group, Inc. and its subsidiary Jefferies, LLC (together, "Jeffries"). Jeffries is accused of profiting from the Going Public Transaction and the Secondary Offering. ¶36.

[4]    All "¶" and "¶¶" references herein are to the Class Action Complaint for Violations of Federal Securities Law filed in the *Welch* Action on September 26, 2019 (the "Complaint").

Waitr[5] by Landcadia, on November 16, 2018, Landcadia changed its name to Waitr and shares of the new combined entity Waitr began trading on the Nasdaq under the symbol "WTRH." *Id.* On May 16, 2019, the Company issued $50 million in stock in a Secondary Offering. ¶18.

According to the Complaint, various statements contained in or incorporated in the Company's May 17, 2018, Proxy Statement and November 19, 2018, Registration Statement (collectively, the "Going Public Transaction Proxy/Prospectus Filings"), issued in connection with the Going Public Transaction, were materially false and misleading. ¶14. The Complaint also alleges, among other things, that Defendants took part in a scheme that: (1) deceived the investing public regarding Waitr's business, operations, management, and the intrinsic value of Waitr common stock; (2) created a public market for common shares of Waitr, which Defendants then used to raise operating cash and as currency for acquisitions; (3) enabled Defendants to register for sale with the SEC and sell over $50 million of Company stock in connection with the Secondary Offering while in possession of material, adverse non-public information about Waitr; (4) enabled Defendants to use over $100 million of Company stock to acquire the assets of Bite Squad during the Class Period; and (5) caused Plaintiff and other members of the Class to purchase Waitr common stock at artificially inflated prices during the Class Period and to be damaged thereby. ¶48.

## LEGAL STANDARD

Under Fed. R. Civ. P. Rule 42(a) ("Rule 42(a)"), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, *Celotex Corp. v. Johnson*, 498 U.S. 920

---

[5]    As in the Complaint, the pre-acquisition company is referred to herein as "Old-Waitr" and, unless there is significance, pre-acquisition entity Old-Waitr and post-acquisition entity Waitr will be used as Waitr interchangeably. *See* ¶1.

(1990).  The PSLRA directs that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  Courts have broad discretion to consolidate actions involving common questions of law or fact, especially where consolidation would promote judicial economy and efficiency.  *See, e.g.*, *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148 (5th Cir. 1992).

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities Act and/or the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B). First, the plaintiff who files the action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff.  *See id.* at (a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, the court shall appoint the "most adequate plaintiff" as lead plaintiff for the action. 15 U.S.C. §78u-4(a)(3)(B)(i)).  Under this provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process."  *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009); *see also Bach v. Amedisys, Inc.*, No. 10-395-BAJ-CN, 2010 WL 4318755, at *4-5 (M.D. La. Oct. 22, 2010).[6]  First, the Exchange Act provides that a court is to presume the "most adequate plaintiff" to be the "person or group of persons" who: (1) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (2) "has the largest financial interest in the

---

[6]        Unless otherwise indicated, internal citations are omitted.

relief sought"; and (3) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *Craig v. CenturyLink Inc.*, No. 3:17-CV-01005, 2017 WL 4768566, at *3 (W.D. La. Oct. 20, 2017). The presumption may be rebutted only upon proof by a class member that the presumptive "most adequate plaintiff . . . will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)-(bb). Second, so long as the presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff. *Id.* As demonstrated below, Sarver & Gillard meet these requirements and should be appointed to serve as Lead Plaintiffs.

## <u>ARGUMENT</u>

### I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The Related Actions present virtually identical factual and legal issues, allege the same claims under federal securities laws, and name similar defendants, all on behalf of the same Class and for the same Class Period. Because the Related Actions are based on the same facts and involve the same subject matter, consolidation is appropriate here. Moreover, class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). Indeed, "'in securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id.*

### II.    SARVER & GILLARD ARE THE PRESUMPTIVE LEAD PLAINTIFFS AND SHOULD BE APPOINTED AS LEAD PLAINTIFFS

#### A.     Sarver & Gillard Filed a Timely Motion

On September 27, 2019, a notice of pendency of the action was published on *PRNewswire*, a national, business-oriented newswire service. *See* Lemmon Decl., Ex. A. The requirements of

§78u-4(a)(3)(A)(i) have, therefore, been met.  The Early Notice states that all putative class members seeking to be appointed lead plaintiff are required to move for appointment "no later than 60 days from today" (*i.e.*, by November 26, 2019).  *See id.*

Sarver & Gillard's Motion is therefore timely filed.  Moreover, Sarver & Gillard submit herewith certifications stating their willingness to serve as representative parties on behalf of the Class and providing their Class Period transactions.  *See* Lemmon Decl., Ex. B.

> ### B. Sarver & Gillard Have the Largest Financial Interest in the Relief Sought by the Class

To their knowledge, Sarver & Gillard are the lead plaintiff movants with the largest financial interest in the relief sought by the Class.  As evidenced by their PSLRA certifications and charts detailing transactions and losses filed herewith, Sarver & Gillard purchased Waitr common stock during the Class Period and suffered losses as a result of Defendants' misconduct. *See* Lemmon Decl., Exs. B-C.  Specifically, Sarver & Gillard suffered losses of approximately $86,423. *Id.*  Sarver & Gillard, thus, have a significant financial interest in this action.  Moreover, Sarver & Gillard are unaware of any other movants that have sustained greater financial losses in connection with their Waitr transactions during the Class Period.  Therefore, Sarver & Gillard "ha[ve] the largest financial interest in the relief sought by the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

> ### C. Sarver & Gillard Satisfy Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at (B)(iii)(I)(cc).  Of the Rule 23 prerequisites, only two − typicality and adequacy − directly address the personal characteristics of the lead plaintiff movant.  *See Tronox*, 262 F.R.D. at 343-44.  Consequently, in

deciding a motion to appoint lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff, and at this stage, those findings need only be "preliminary." *Id.* Sarver & Gillard easily make this preliminary showing.

In determining whether a movant has met the typicality requirement, "courts look to whether their claims are based on losses or legal theories markedly different from those of the claims of the other members of the class." *Id.* Here, Sarver & Gillard's claims are typical of the claims of the other members of the putative Class because, like all other Class members, they: (1) purchased or otherwise acquired Waitr stock during the Class Period; (2) were adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof. Since Sarver & Gillard's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied.

"The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class." *Id.* Sarver & Gillard are "adequate" to serve as class representatives in the instant litigation because their interests are aligned with the interests of the putative Class. Sarver & Gillard, like all other members of the Class, suffered losses as a result of purchasing Waitr common stock at prices that were artificially inflated due to Defendants' alleged misstatements. Sarver & Gillard will, therefore, benefit from the same relief as other Class members. Sarver & Gillard have also demonstrated that they are adequate representatives by retaining competent and experienced counsel. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (considering qualifications of proposed lead counsel in evaluating adequacy). As shown

below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Sarver & Gillard have made a *prima facie* showing that they satisfy all of the requirements of Rule 23 for the purposes of this motion.[7]

### III.    SARVER & GILLARD'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]"  *Id*. at (B)(iii)(II)(aa).

Sarver & Gillard have selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  *See* Lemmon Decl., Ex. D. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[8]

---

[7]    In the event that Sarver & Gillard are not permitted to serve as lead plaintiffs together, each is willing to serve alone.

[8]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 1:08-cv-03758, Order Awarding Attorneys' Fees and Expenses at 3, ¶9(c) (S.D.N.Y. July 20, 2011) (ECF No. 117).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Amann v. Metro Bank PLC*, No. 2:19-cv-04739 (C.D. Cal.); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Sarver & Gillard's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movants' choice of counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Sarver & Gillard respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint Sarver & Gillard as Lead Plaintiffs on behalf of

9

the putative Class; (3) approve Sarver & Gillard's selection of counsel, Scott+Scott, as Lead

Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: November 26, 2019

                                   **LEMMON LAW FIRM, LLC**

                                    /s/ Andrew A. Lemmon
                                   ANDREW A. LEMMON (#18302)
                                   15058 River Road
                                   P.O. Box 904
                                   Hahnville, LA 70057
                                   Telephone: (985) 783-6789
                                   Facsimile:  (985) 783-1333
                                   Andrew@lemmonlawfirm.com

                                   *Local Counsel for Proposed Lead Plaintiffs*
                                   *Chad Sarver and James Gillard*

                                   THOMAS L. LAUGHLIN, IV
                                   RHIANA L. SWARTZ
                                   **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                   The Helmsley Building
                                   230 Park Avenue, 17th Floor
                                   New York, NY 10174
                                   Telephone: (212) 223-6444
                                   Facsimile:  (212) 223-6334
                                   tlaughlin@scott-scott.com
                                   rswartz@scott-scott.com

                                   *Counsel for Proposed Lead Plaintiffs Chad*
                                   *Sarver and James Gillard and Proposed Lead*
                                   *Counsel for the Class*

                                   BRIAN SCHALL
                                   **THE SCHALL LAW FIRM**
                                   1880 Century Park East, Suite 404
                                   Los Angeles, CA 90067
                                   Telephone: (310) 301-3335
                                   Facsimile:  (310) 388-0192
                                   brian@schallfirm.com

                                   *Additional Counsel for Proposed Lead Plaintiffs*
                                   *Chad Sarver and James Gillard*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 26, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 /s/ Andrew A. Lemmon
ANDREW A. LEMMON (#18302)