**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| WALTER WELCH, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:19-cv-01260-TAD-KK |
| Plaintiff, | |
| v. | |
| CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC, | |
| Defendants. | |
| KELLY BATES, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:19-cv-01427-TAD-KK |
| Plaintiff, | |
| v. | |
| CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JIANWEN BU AND WILLIAM THOMPSON FOR CONSOLIDATION OF RELATED ACTIONS, <u>APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL</u>**

0

## I.    PRELIMINARY STATEMENT

Presently pending before this Court are securities class action lawsuits brought on behalf of investors who purchased, acquired and/or otherwise held the securities of Waitr Holdings, Inc. ("Waitr" or the "Company") from May 17, 2018 to August 8, 2019 (the "Class Period"), including but not limited to: those who acquired Waitr shares in connection with the Company's going public transaction and business combination on November 15, 2018 with Landcadia Holdings, Inc.; and those who acquired shares of the Company in the follow-on secondary offering on May 16, 2019 of Waitr securities. The lawsuits allege violations of §§ 11, 12(a)(2), 15 of the Securities Act of 1933 (the "Securities Act") and §§ 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Jianwen Bu and William Thompson (together "Movants") respectfully move this Court for an Order: (1) consolidating the above-captioned related actions; (2) appointing Movants as Lead Plaintiff pursuant to Section 27 of the Securities Act and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approving   their selection of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. as Lead Counsel and the Lemmon Law Firm L.L.C. to serve as Liaison Counsel for the proposed class.

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

1

Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movants respectfully submit that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movants' selection of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. as Lead Counsel and the Lemmon Law Firm L.L.C. to serve as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Waitr is an online food ordering and delivering service company. It was formed through a going public transaction by Waitr Inc. and Landcadia Holdings, Inc. on November 15, 2018.

On August 8, 2019, after the market closed, the Company revealed poor financial and operating results for second quarter 2019, including: the resignation of its Chief Executive Officer; that its integration of BiteSquad.com LLC, which Waitr had acquired in January 2019, was not proceeding according to plan; that Waitr would lay off personnel; and that the Company would incur losses at a higher rate than historical growth trends.

On this news, the Company's share price fell $1.87, or roughly 50%, to close at $1.89 per share on August 9, 2019, on unusually heavy trading volume.

---

[1] This section is adapted from the allegations in the complaints filed in the above-captioned actions.

2

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Defendants had artificially bolstered profits and revenues by unilaterally raising prices in breach of customer contracts and failed to properly reimburse drivers for expenses; (2) that providing services at the low take rate of 15% was not sustainable; (3) that the Company's labor model was inefficient and resulted in rising, unsustainable costs; (4) that its financial statements were not true, accurate, or reliable; (5) that the Company's software provided little to no competitive advantages; and (6) that, as a result of the foregoing, Defendants lacked any reasonable basis to claim that Waitr was operating according to plan, or that Waitr could achieve guidance sponsored and/or endorsed by Defendants.

### III. PROCEDURAL BACKGROUND

On September 26, 2019, Walter Welch commenced the above-captioned case against Waitr in this District, *Welch v. Meaux, et al.*, Case No. 2:19-cv-01260 (the "*Welch* Action").

On November 4, 2019, another action was filed making similar allegations against the same defendants, captioned *Bates v. Meaux, et al.*, Case No. 2:19-cv-01427 (together with the *Welch* Action, the "Related Actions").

### IV. ARGUMENT

#### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Securities Act and of the Exchange Act, each presents the same or similar theories for recovery,

and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.    Movants Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e*., the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

4

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movants have, to the best of their knowledge, the largest financial interest in this litigation and meet the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See Firefighter's Pension & Relief Fund of New Orleans v. Bulmahn*, 2013 U.S. Dist. LEXIS 115538, at *9 (E.D. La. Aug. 15, 2013); *Tarica v. McDermott Int'l, Inc.*, 2000 U.S. Dist. LEXIS 5031, at *11-12 (E.D. La. Apr. 13, 2000).

### 1.    Movants Filed a Timely Motion

On September 27, 2019, pursuant to Section 27(a)(3)(A)(i) of the PSLRA, notice was published in connection with this action. *See* Declaration of Andrew A. Lemmon ("Lemmon Decl."), Exhibit ("Ex.") A. Therefore, Movants had sixty days or until November 26, 2019, to file a motion to be appointed as Lead Plaintiff. As purchasers of Waitr securities during the Class Period, Movants are members of the proposed class and have timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. *See* Lemmon Decl., Ex. B. Accordingly, Movants satisfy the first PSLRA requirement to be appointed lead plaintiff.

5

### 2.    Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud as described above, Movants suffered a financial loss of $104,979.17, under the Exchange Act.  *See* Lemmon Decl., Ex. C. To the best of their knowledge, Movants are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss.  Movants believe they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.

### 3.    Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

Only two of these, typicality and adequacy, are relevant when making a determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23. *See Tarica*, 2000 U.S. Dist. LEXIS 5031, at *13. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements.

### a)    Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *Tarica*, 2000 U.S. Dist. LEXIS 5031, at *13-14 ("[T]he test for typicality is not demanding.").

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Waitr's business, operations, and financial prospects violated the federal securities laws. Movants, like all of the members of the Class, purchased Waitr securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b)    Movants Are Adequate Representatives

"In order to satisfy adequacy of representation, counsel must be qualified, experienced, and able to prosecute the action vigorously, and the class representatives must not have interests antagonistic to the class members." *Tarica*, 2000 U.S. Dist. LEXIS 5031, at *13-14.

Movants has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they sufficient incentive to provide vigorous advocacy. *See* Lemmon Decl., Ex. C. Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

7

**C.    The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have selected Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. as lead counsel and Lemmon Law Firm, L.L.C. as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Lemmon Decl., Exs. D, E, and F, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

**V.    CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the related actions; (2) appointing Movants as lead plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. as lead counsel and Lemmon Law Firm, L.L.C. as liaison counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

DATED: November 26, 2019                Respectfully submitted,

**LEMMON LAW FIRM, L.L.C.**

By: __ *s/ Andrew A. Lemmon* _____
15058 River Road
P.O. Box 904
Hahnville, LA 70057
Telephone: (985) 783-6789
Facsimile: (985) 783-1333
Email: andrew@lemmonlawfirm.com

*Liaison Counsel for Movants and the Class*

**GLANCY PRONGAY & MURRAY LLP**
Lesley F. Portnoy
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: lportnoy@glancylaw.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

*Proposed Lead Counsel for Movants and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 26, 2019, I served true and correct copies of the foregoing document b posting the document electronically to the ECF website of the United States District Court for the Western District of Louisiana, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 26, 2019, at Hahnville, Louisiana.

*s/ Andrew A. Lemmon*
Andrew A. Lemmon