UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| WALTER WELCH, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff<br><br>vs.<br><br>CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC,<br><br>Defendants. | CIVIL ACTION NO. 2:19-cv-01260<br><br>JUDGE TERRY A. DOUGHTY |
| KELLY BATES, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff<br><br>vs.<br><br>CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC,<br><br>Defendants. | CIVIL ACTION NO. 2:19-cv-01427<br><br>JUDGE TERRY A. DOUGHTY |

**THERESA AND HARRY COKER'S NOTICE OF NON-OPPOSITION TO TUPAC DE LA CRUZ'S MOTION APPOINTMENT AS LEAD PLAINTIFF**

**PLEASE TAKE NOTICE** that Theresa and Harry Coker ("Movants") respectfully submits this Notice of Non-Opposition to Tupac De La Cruz's ("De La Cruz") Motion for Appointment as Lead Plaintiff filed in the above-captioned actions (the "Actions"). (Dkt. No. 11).

On November 26, 2019,  Movants timely filed a motion for consolidation, appointment as Lead Plaintiff, and approval of selection of counsel, stating that they suffered losses of approximately $44,319.37 in financial losses in connection with their purchases of Waitr Holdings, Inc. ("Waitt") securities in connection with the Company's November 15, 2018 initial public offering ("IPO") and/or from May 17, 2018 through August 8, 2019, inclusive. Five other motions for consolidation, appointment as lead plaintiff, and approval of selection of counsel were filed by other putative class members in the Actions. Having reviewed the competing lead plaintiff motions, Movant does not appear to have the largest financial interest.

The largest claimed financial interest was filed by Walter Welch ("Welch"), Sean Barnard ("Bernard"), and the Delivery Investor Group ("DIG") i.e. Andrew Brown, William Moore, Daniel Sinor, and Thomas Colangelo, for appointment of DIG as Lead Plaintiffs, claiming losses of more than $14M. *See* Dkt. No. 13. The second claimed loss after DIG was filed by Tupac De La Cruz, who claimed losses of almost $900,000. *See* Dkt. No. 11-4.. Although at first glance there is a stark difference in the financial interest separating these motions, DIG is in no way fit be appointed Lead Plaintiff in these Actions for multiple deficiencies. Movants respectfully request the Court deny DIG's motion and approve De La Cruz's motion in its entirety.

### A.    DIG Does Not Meet the Requirements of Rule 23

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides a presumption that the "most adequate plaintiff" to represent the interests of class members is the person or group that, among other things, has "the largest financial interest in the relief sought by the class" and otherwise satisfies the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re OCA Secs. & Derivative Litig.,* No. 05-2165, 2005 U.S. Dist. LEXIS 49978, at *13 (E.D.La. Nov. 18, 2005). Typicality is

established where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Tarica v. McDermott Int'l Inc.,* Civ. A. No. 99-3831 Section "R" (5), 2000 U.S. Dist. LEXIS 5031, at *13 (E.D. La. Apr. 13, 2000); Fed. R. Civ. P. 23(a)(3). A plaintiff can show that it fairly and adequately represents the interests of the class, pursuant to Rule 23(a)(4), if it appears that (1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation.

Contending movants may then rebut the presumption only by showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interest of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Upon review of DIG's motion and supporting paperwork, it is clear that the Group is undoubtably atypical. Unlike the rest of the Class DIG seeks to represent, the Group did not acquire their Waitr securities pursuant and/or traceable to the Registration Statement and Proxy/Prospectus issued in connection with Waitr's May 2019 Secondary Offering nor did they acquire their shares in reliance upon the Company's Class Period statements. Instead, DIG involuntarily received their shares when Waitr acquired BiteSquad.com LLC ("Bite Squad"). In October 2016, the members of DIG had sold their respective businesses to Bite Squad, and the DIG members received Waitr shares when the acquisition was complete – more than a year before the Class Period even began. Dkt. No. 13-3. This leaves DIG with no standing to pursue Section 11 claims because they will not be able to trace their shares to the Registration Statement and will allow Defendants to completely focus on DIG's lack of reliance during Class Certification pursuant to *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). This alone is enough proof to show that DIG's claims are not typical of the class, and therefore does not meet the typicality requirement of Rule 23.

3

The atypicality of DIG make the Group subject to unique defenses so it will be unable to fairly and adequately represent the Class. Because DIG received their shares unlike any other members of the Class, the Group is going to be consumed in trying to prove its ability to represent the Class to Defendants. DIG will also have to defend themselves from attacks by Defendants because all four members have previously been accused of violating the Fair Labor Standards Act.

### B.   DIG's Motion For Lead Plaintiff Is Clearly Lawyer-Driven

In crafting the PSLRA, Congress meant to prevent 'lawyer driven' litigation. DIG's moving papers for Lead Plaintiff are extremely unusual because it was made under the guise of being supported by two completely unrelated shareholders to DIG - Welch and Barnard - who are listed in the papers but yet only DIG is seeking appointment. There is also no indication in any of DIG's extensive moving papers that suggest that DIG, Welch, and Barnard even know of one another's existence, let alone that DIG was being supported by two random other shareholders.

Finally, it is also extremely questionable as to why Lundy, Lundy, Soileau & South, LLP is involved in the Motions as "Liaison Counsel" because the Proposed Lead Counsel Kahn, Swick, and Foti, LLC, is centrally located in Louisiana. This fact further evidences that the odd assortment of shareholders coming together for this motion is no more than a poor attempt at masking the undue "lawyer driven" litigation at work.

Based on the foregoing, Movants respectfully request that the Court deny the DIG's Motion for Lead Plaintiff and alternatively, appoint De La Cruz as the Lead Plaintiff with the next largest financial interest who also satisfies the requirements of Rule 23.

This non-opposition shall have no impact on the Movants' membership in the proposed class and their right to share in any recovery obtained for the benefit of the class.

*[Signature on Following Page]*

4

DATED: December 17, 2019                    Respectfully submitted,

                                            BY: */s/ Jason W. Burge*
                                            Jason W. Burge (La. Bar 30420)
                                            FISHMAN HAYGOOD, LLP
                                            201 St. Charles Avenue, 46th Floor
                                            New Orleans, LA  70170
                                            Telephone: (504) 586-5252
                                            Facsimile: (504) 586-5250
                                            jburge@fishmanhaygood.com

                                            *Liaison Counsel for Movants*

                                            **LEVI & KORSINSKY, LLP**
                                            Gregory M. Nespole
                                            55 Broadway, 10th Floor
                                            New York, NY 10004
                                            Tel: (212) 363-7500
                                            Fax: (212) 363-7171
                                            Email:gnespole@zlk.com

                                            *Attorneys for Movants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above pleading was served on counsel of record via the

Court's CM/ECF notification system on December 17, 2019.

<u>/s/ Jason W. Burge</u>