# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

|  |  |
|---|---|
| WALTER WELCH, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC,<br><br>Defendants. | Civil Action No. 2:19−CV−01260<br><br>JUDGE TERRY A. DOUGHTY<br><br>MAGISTRATE JUDGE KATHLEEN KAY<br><br>CLASS ACTION |
| KELLY BATES, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC,<br><br>Defendants. | Civil Action No. 2:19−CV−01427<br><br>JUDGE TERRY A. DOUGHTY<br><br>MAGISTRATE JUDGE KATHLEEN KAY<br><br>CLASS ACTION |

**SUPPLEMENTAL JOINT DECLARATION IN SUPPORT OF
WALTER WELCH, SEAN BARNARD, AND THE DELIVERY INVESTOR GROUP'S
MOTION TO CONSOLIDATE RELATED ACTIONS,
APPOINT THE DELIVERY INVESTOR GROUP AS LEAD PLAINTIFF,
AND APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

1.      This Supplemental Joint Declaration is made jointly by Andrew Brown, William Moore, Daniel Sinor, and Thomas Colangelo, who together comprise the Delivery Investor Group (the "DIG"), in support of its Motion to Consolidate Related Actions, Appoint Lead Plaintiff, and Approve Lead Plaintiff's Choice of Counsel ("Lead Plaintiff Motion"). We have reviewed the memorandum filed by Tupac de la Cruz and make this Supplemental Joint Declaration in response to the false allegations made therein. The undersigned have personal knowledge of the facts set forth herein and, if called as witnesses, could and would testify competently thereto.

### Alleged Inside Information Regarding Bite Squad and Waitr[1]

2.      We understand that Mr. de la Cruz alleges that we have "inside information" regarding Bite Squad or Waitr. We do not. In the more than two years since the assets and operations of the Delivery Entities were acquired by Bite Squad in October 2016 and integrated the following year, beginning in or around December 2017, we have had no relationship with Bite Squad other than as minority shareholders, have had no involvement in the day-to-day management of Bite Squad, and we specifically received no inside information regarding Bite Squad of any kind. To the contrary, we were entirely excluded from the board, management, and company operations.

3.      None of us met or had any interaction of any kind with any Waitr representative in connection with Waitr's acquisition of Bite Squad, none of us participated in any due diligence in connection with Waitr's acquisition of Bite Squad, none of us oversaw Bite Squad's business interactions with Waitr before or after Waitr's acquisition of Bite Squad, and none of us had any

---

[1]      All capitalized terms have the same meaning as in our initial Joint Declaration.

employment or directorial relationship with Waitr at any time. Rather, as we attested in our initial Joint Declaration, in connection with the acquisition of Bite Squad by Waitr, we were **not** involved in negotiating the transaction and were **not** provided with any non-public information related to the business of Waitr or the acquisition of Bite Squad by Waitr, we received no information about the business of Waitr other than what was reflected in the previously-referenced SEC filings, and any and all information relating to Waitr and relied upon by us in making our investment decisions was provided in filings made by Waitr with the SEC.

### The Acquisition of Bite Squad by Waitr

4.      We understand that Mr. de la Cruz has also alleged that we involuntarily received Waitr stock and made no decision in connection with acquiring our Waitr stock. This too is inaccurate.

5.      None of us had any Waitr common stock until Bite Squad was acquired by Waitr, and we acquired our Waitr common stock for the first time when that acquisition closed. As we attested in our initial Joint Declaration, we learned of the Bite Squad acquisition by Waitr through the press release issued by Waitr on December 12, 2018 announcing the pending acquisition and were directed to the public filings made by Waitr with the SEC for information regarding that acquisition. When we learned about the anticipated acquisition of Bite Squad by Waitr, we researched Waitr. Specifically, as we also attested in our initial Joint Declaration, we reviewed and relied upon SEC filings made by Waitr generally and specifically those in connection with its acquisition of Bite Squad, which filings included, but were not limited to, the December 12, 2018 8-K, which attached the press release announcing the acquisition and the Agreement and Plan of Merger and a presentation regarding the acquisition.

6.      When we learned about the anticipated acquisition of Bite Squad by Waitr, we also reviewed the then-current trading price of Waitr's common stock and compared that to the

3

Waitr-Bite Squad acquisition terms. At the time of the announcement of the acquisition of Bite Squad by Waitr, Waitr stock was trading around $11.00 per share. As we researched and learned about Waitr, including through its SEC filings, we believed and were excited, based on those statements, that the Company was on its way up and poised for growth and value increase. This belief was further supported by the fact that Waitr's common stock increased in trading value during the time that the acquisition of Bite Squad by Waitr was pending, such that, at the time that the acquisition closed, Waitr stock was trading at $11.95.

7.      When we learned about the anticipated acquisition of Bite Squad by Waitr, we could have sought to sell our stock in Bite Squad. But we accepted Waitr common stock in exchange for our shares in Bite Squad based on what we had learned about Waitr in our research and the integrity of the price of Waitr stock as traded on the NASDAQ market system as reflecting all available material information regarding the status of Waitr's business.

**Alleged Inside Information Regarding Labor Standards**

8.      We also understand that Mr. de la Cruz has alleged that we have some sort of inside knowledge regarding labor standards in light of the fact that we were named defendants in *Roberson v. Rest. Delivery Developers, LLC* (M.D. Fla. 3/31/17). This is again false. We have no special (much less non-public) knowledge of labor standards as a result of the *Roberson* matter or otherwise. To the contrary, our former businesses used a third-party compliance, payroll, and human resources company to screen for independent contractor drivers, deal with driver employment issues, and ensure compliance with all labor laws. When we were sued, our counsel dealt with the matter and, as lay people, we developed no special/non-public information as a result of that process. We certainly never questioned any of Waitr's public statements about its labor law compliance as a result of that case, any alleged knowledge we had as a result, or for

4

any other reasons. Ultimately, no wrongdoing of any kind was ever found against us in the Roberson matter, and we consider the *Roberson* matter to have been a nuisance suit.

### Allegations Regarding Our Counsel

9.      Finally, we understand that Mr. de la Cruz has alleged that we are unaware of Messrs. Welch and Barnard and that the DIG and/or Messrs. Welch and Barnard's support of the DIG's lead-plaintiff application is "lawyer driven." This too is not true.

10.     First, as we attested in our initial Joint Declaration, we have known one another personally and professionally since at least 2007 and thus well before this case started. We contacted and retained our counsel, KSF, after they filed the initial suit in this matter and we learned of the lawsuit.

11.     Second, we are well aware of Messrs. Welch and Barnard and their support for our appointment as lead plaintiff. Indeed, our initial Joint Declaration specifically mentioned both Messrs. Welch and Barnard in the title. We also we remain willing to serve as Co-Lead Plaintiff(s) and/or Class Representative(s) with Messrs. Welch and/or Barnard, should the Court deem it necessary to protect the interests of the Class, as noted in our Lead Plaintiff Motion.

12.     Finally, we too are aware of Matthew Lundy of Lundy, Lundy, Solileau & South, LLP (as again noted in our initial Joint Declaration). After we contacted and retained KSF, KSF retained Mr. Lundy to serve as local counsel in this matter due to his experience and expertise and knowledge of the Court, a decision with which we fully agree.

5

Pursuant to 28 U.S.C. § 1746, we, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 27 day of December, 2019,

Signed: _____

     Andrew Brown,

     at _Orlando_____, _Florida_____.

Signed: _____

     William Moor,

     at _____, _____.

Signed: _____

     Daniel Sinor ,

     at _____, _____.

Signed: _____

     Thomas Colangelo,

     at _____, _____.

Pursuant to 28 U.S.C. § 1746, we, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 27TH day of December, 2019,

Signed: _____
    Andrew Brown,
    at _____, _____.

Signed: _____
    William Moore
    at Chicago, IL.

Signed: _____
    Daniel Sinor,
    at _____, _____.

Signed: _____
    Thomas Colangelo,
    at _____, _____.

6

Pursuant to 28 U.S.C. § 1746, we, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 26 day of December, 2019,

Signed: _____
      Andrew Brown,
        at _____, _____.

Signed: _____
      William Moor,
        at _____, _____.

Signed: _____
      Daniel Sinor ,
        at Palm Bay _____, Florida _____.

Signed: _____
      Thomas Colangelo,
        at _____, _____.

6

Pursuant to 28 U.S.C. § 1746, we, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 26 day of December, 2019,


Signed: _____
     Andrew Brown,
     at _____, _____.


Signed: _____
     William Moor,
     at _____, _____.


Signed: _____
     Daniel Sinor ,
     at _____, _____.


Signed: _____
     Thomas Colangelo,
     at Deerfield Beach , FL _____.

6