# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

|  |  |
|---|---|
| WALTER WELCH, Individually and on Behalf of all Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| CHRISTOPHER MEAUX, DAVID PRINGLE, JEFF YURECKO, TILMAN J. FERTITTA, RICHARD HANDLER, WAITR HOLDINGS, INC. f/k/a LANDCADIA HOLDINGS, INC., JEFFERIES FINANCIAL GROUP, INC., and JEFFERIES, LLC, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION NO. 2:19-cv-01260-TAD-KK

JUDGE: Terry A. Doughty

MAGISTRATE JUDGE: Kathleen Kay

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MATERIAL**

Defendants Christopher Meaux, David Pringle, Jeff Yurecko, Tilman J. Fertitta, Richard Handler, and Waitr Holding, Inc. f/k/a Landcadia Holdings, Inc. ("Waitr") (collectively, the "Waitr Defendants"), and Jefferies Financial Group, Inc. and Jefferies LLC (together, the "Jefferies Defendants") respectfully submit this brief and joint response to Plaintiffs' supplemental material. As the Court knows, on March 31, 2022, Plaintiffs sought leave to supplement their opposition to Defendants' pending motions to dismiss to reference a March 23, 2022 disclosure by Waitr that it had received a voluntary request from the U.S. Securities and Exchange Commission ("SEC") for information related to the November 2018 business combination of Waitr and Lancadia Holdings, Inc. (the "Voluntary Request").  (Dkt No. 82.)  As indicated in Plaintiffs' motion for leave, Defendants did not oppose supplementation, and Plaintiffs agreed that Defendants could file a response. (*Id.*)  On April 7, 2022, the Court granted Plaintiffs' motion for leave.  (Dkt. No. 84.) Defendants now submit this joint response.

Unlike a subpoena or formal investigation, a voluntary request from the SEC does not even require the production of documents, and, unlike a charging document, in no way suggests that the SEC perceives that a violation of the securities laws has occurred.  *See* SEC Enforcement Manual § 3.2.3 (explaining that voluntary requests are routinely used even "before the staff opens an investigation").  Indeed, Plaintiffs cite no authority supporting their suggestion that the Voluntary Request may be relevant to the Court's consideration of Defendants' motions to dismiss.  Thus, the existence of a voluntary request does not make it any more or less likely that the Amended Complaint states an Exchange Act claim.

As courts have made clear, the "mere existence of an SEC investigation [and here there is not even an investigation, but rather a voluntary request] does not suggest that any of the allegedly false statements were actually false . . . .").  *See, e.g.*, *In re Hutchinson Tech., Inc. Sec. Litig.*, 536

F.3d 952, 962 (8th Cir. 2008); *see also Brophy v. Jiangbo Pharms., Inc*., 781 F.3d 1296, 1304 (11th Cir. 2015) ("The 'mere existence of an SEC investigation' likewise does not equip a reviewing court to explain which inferences might be available beyond a general suspicion of wrongdoing."); *Cozzarelli v. Inspire Pharms. Inc*., 549 F.3d 618, 628 n.2 (4th Cir. 2008) (the allegation that the SEC is investigating is "too speculative to add much, if anything, to an inference of scienter"); *Parker v. Hyperdynamics Corp*., 126 F. Supp. 3d 830, 843 (S.D. Tex. 2015) (Disclosures "of subpoena requests by the DOJ . . . and the SEC . . . . do not establish that FCPA violations occurred or that Defendants knowingly omitted FCPA violations.").

In addition, even if the Voluntary Request were somehow relevant to certain aspects of the Waitr Defendants' motion to dismiss (which it clearly is not), it is completely irrelevant to many of Defendants' grounds for dismissal, including *all* of the arguments set forth in the Jefferies' Defendants separate motion to dismiss.[1]

For all of the reasons explained in Defendants' briefs, and at oral argument on the motions to dismiss, Plaintiffs' claims should be dismissed with prejudice.

---

[1]     *In re Bristol Myers Squibb Co. Secs. Litig.*, the sole case cited by Plaintiffs in support of their position (Dkt. No. 82 at 3), is readily distinguishable. 586 F. Supp. 2d 148, 168 (S.D.N.Y. 2008).   There, the company *pled guilty* to making misrepresentations to regulators following a DOJ investigation. *Id*. Nothing of the sort has happened here.

Dated: April 12, 2022

_/s/ George Denegre, Jr _____
George Denegre, Jr., T.A. (Bar #08387)
Melanie N. Derefinko (Bar #37658)
**LISKOW & LEWIS, APLC**
701 Poydras Street
One Shell Square, 50th Floor
New Orleans, LA 70139-5001
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: gdenegre@liskow.com

James K. Langdon (*pro hac vice*)
Andrew Brantingham (*pro hac vice*)
Caitlin L.D. Hull (*pro hac vice*)
**DORSEY & WHITNEY LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868
Email: langdon.jim@dorsey.com
brantingham.andrew@dorsey.com
hull.caitlin@dorsey.com

*Counsel for Defendants Christopher Meaux, David Pringle, Jeff Yurecko, Tilman J. Fertitta, Richard Handler, and Waitr Holdings, Inc.*

_/s/ Claire Elizabeth Juneau
Michael R. Phillips (#21020)
Erin Lutkewitte Kilgore (#31244)
Claire Elizabeth Juneau (#33209)
**KEAN MILLER LLP**
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Tel:  (504) 585-3050

-and-

**SHEARMAN & STERLING LLP**
Adam S. Hakki *(admitted pro hac vice)*
K. Mallory Brennan *(admitted pro hac vice)*
599 Lexington Avenue
New York, New York 10022
Tel:  (212) 848-4000
ahakki@shearman.com
mallory.brennan@shearman.com

*Attorneys for Defendants Jefferies Financial Group, Inc., and Jefferies, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

_/s/ George Denegre, Jr _____