UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WALTER WELCH, ET AL.** | : | **NO. 19-cv-1260 (LEAD)** |
| | | **NO. 19-cv-1427 (MEMBER)** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **CHRISTOPHER MEAUX, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss Amended Class Action Complaint filed by Jefferies Financial Group, Inc. ("JFG") and Jefferies, LLC ("JLLC") (collectively, the "Jefferies Defendants"). Doc. 45. The motion is opposed by Court-appointed Lead Plaintiff, the Delivery Investment Group ("DIG"), together with individual plaintiffs Walter Welch ("Welch") and Sean Barnard ("Barnard").[1] Doc. 56. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

After careful consideration of the motion, the responses and replies thereto, and the applicable law, and for the reasons that follow,

**IT IS RECOMMENDED** that the motion be **GRANTED.**

---

[1] This action results from the consolidation of two putative class actions. Welch filed this lawsuit on September 26, 2019, on behalf of similarly situated shareholders. Doc. 1, p. 20. On November 4, 2019, Kelly Bates filed a nearly identical lawsuit on behalf of the same class and covering the same class period. *Bates v. Meaux*, No. 2:19-cv-1427 (W.D. La.). After the first lawsuit was filed, counsel for Welch published a notice pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) advising members of the proposed class of their right to move the court to serve as lead plaintiff no later than 60 days from that date, or November 26, 2019. Doc. 13, att. 13, pp. 2-4. On November 26, 2019, motions were filed by various class members seeking appointment as lead plaintiff and consolidation of the two cases. Docs. 11, 12, 13, 14, 15, and 16. Barnard and DIG joined Welch in moving for DIG to be appointed as lead plaintiff. Doc. 13. The court granted the motion of Welch, Barnard, and DIG, consolidated the two matters, and appointed DIG as lead plaintiff on August 17, 2020. Doc. 35. DIG consists of Andrew Brown, William Moore, Daniel Sinor, and Thomas Colangelo. Doc. 13, att. 3.

# I.
## BACKGROUND

This litigation concerns Waitr.com, an online mobile food delivery service that uses a web-based application to connect consumers, participating restaurants, and delivery drivers. Doc. 1, p. 2. The ninety-nine-page Amended Complaint alleges that Defendants violated federal securities laws in connection with activity leading up to and following defendant Waitr's becoming a publicly traded entity by making misleading statements or omissions about certain features of Waitr's business model and outlook, such that stockholders in the putative classes were misled to their detriment. Doc. 37. The Jefferies Defendants seek dismissal of plaintiffs' claims in the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief can be granted. Doc. 45.

The Amended Complaint is divided into two sections, corresponding to different plaintiff groups whose claims arise under different provisions of law, concerning different time periods.[2] The Jefferies Defendants are named as defendants to the first of these sections, the claims of Welch and Barnard arising under Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), ("Section 14(a)") and Securities and Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder, 17 CFR 240.14a-9. Welch and Barnard allege that they were harmed by misleading statements and omissions in proxy and prospectus materials with prepared in

---

[2] In the Amended Complaint, plaintiffs fall into two groups. The first group consists of those who held shares of Landcadia stock at the time it acquired Waitr. Welch and Barnard held shares of Landcadia stock as of the date of the Waitr acquisition, November 15, 2018, and were eligible to vote on the merger. Doc. 37, p. 6, ¶ ¬6-7. Welch and Barnard assert claims against Waitr, Jefferies, JFG, Handler, Meaux, Fertitta, and Pringle for alleged misleading statements and omissions in proxy and prospectus materials associated with Waitr's going public transaction and combination with Landcadia. Doc. 37, p. 5, ¶ 2. The claims of Welch and Barnard arise under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78n(a), ("Section 14(a)") and Securities and Exchange Commission ("SEC") Rule 14a-9 promulgated thereunder, 17 CFR 240.14a-9. Welch and Barnard are referred to collectively hereafter as the "Section 14(a) Plaintiffs," and their claims as the "Section 14(a) Claims." The Section 14(a) Claims are contained at Count I of the Amended Complaint. Doc. 37, pp. 31-32. The Section 14(a) Claims period runs from May 17, 2018, when Fertitta, Meaux, and Pringle announced Landcadia's intention to acquire Waitr, until November 15, 2018, when Landcadia acquired Waitr. Doc. 37, p. 31

connection Waitr's going public transaction on November 15, 2018, and business combination with Lancadia Holdings, Inc.

In addition to filing their own motion to dismiss [doc. 45], the Jefferies Defendants join in and adopt the reasoning of the motion to dismiss filed by co-Defendants Christopher Meaux, David Pringle, Jeff Yurecko, Tilman J. Fertitta, Richard Handler, and Waitr Holding, Inc. f/k/a Landcadia Holdings, Inc. (collectively, "Waitr Defendants"), pursuant to Fed. R. Civ. Proc. 10(c). Doc. 45, att., 1, p. 5 (referencing as-yet unnumbered doc. 47). Plaintiffs opposed both motions to dismiss in a single omnibus response memorandum [doc. 56] and subsequent supplemental filings. Docs. 78, 82. In a sixty-two-page opinion, the undersigned recently recommended that the district court grant the Waitr Defendants' Motion to Dismiss [doc. 47], after having carefully considered the allegations of the Amended Complaint. Doc. 89. Plaintiffs have objected to that recommendation and the objection is not yet ripe for consideration by the district court. Doc. 93.

For the same reasons stated in the Report and Recommendations concerning the Waitr defendants [doc. 89], it is now recommended that the Jefferies defendants' motion to dismiss [doc. 45] likewise be **GRANTED**.

Under the provisions of 28 U.S.C. §636 Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 25th day of July, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE